**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 5 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HONGTAI YANG, | No. 15-70614 |
| Petitioner, | Agency No. A088-129-109 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 30, 2021**

Before: GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Hongtai Yang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Although the government contends that we lack jurisdiction to consider Yang's arguments concerning the agency's adverse credibility determination because he failed to develop those arguments in his brief to the BIA, "[i]t is well-established that we may review any issue addressed on the merits by the BIA, regardless of whether the petitioner raised it before the agency." *Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018).

Substantial evidence supports the agency's determination, including Yang's prior voluntary return from the United States to China without having applied for asylum and his inconsistent testimony concerning his obligation to report to the police in China after his purported arrest and hospitalization in 2007. *See Loho v. Mukasey*, 531 F.3d 1016, 1017-18 (9th Cir. 2008) ("Loho's two voluntary returns to her home country support the IJ's adverse credibility finding . . . ."); *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) ("[T]he record does not compel the finding that the IJ's unwillingness to believe this explanation . . . was erroneous."). In the absence of credible testimony, Yang's claims for asylum and withholding of removal fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

2                                                                          15-70614

Substantial evidence also supports the agency's denial of Yang's claim for CAT protection because it was based on the same evidence that the agency found not credible, and Yang does not point to other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to China. *See Shrestha*, 590 F.3d at 1048-49.

**PETITION FOR REVIEW DENIED.**